## JOHN KING *v.* G. W. BISHOP.

TRUST. *Declaration thereof.   Case in judgment.*
> Where M. conveys to P. a certain described tract of land, with a reservation
> "excepting that portion of said land now owned and occupied by K.," and de-
> scribing the same correctly, such recital is not a declaration of a trust by M.
> in favor of K. as to the land thus excepted, but, on the contrary, is an indi-
> cation of K.'s ownership thereof and a recognition of his title.

APPEAL from the Chancery Court of Holmes County.

HON. R. W. WILLIAMSON, Chancellor.

In 1875 John King bought from J. N. McLean an acre of land in the town of Lexington, which he paid for, improved, and in 1876 moved to and resided upon. But McLean neglected to make to King any deed to the lot. The acre of land sold to King was a part of a twenty-five acre lot occupied by McLean as a homestead and, on the 8th of September, 1877, McLean sold his homestead to G. C. Phillips, but in the conveyance thereof excluded that part of the lot previously sold to King by "excepting that portion of said land now owned and occupied by John King," and describing the same according to metes and bounds and quantity. The deed from McLean to Phillips was recorded on the day of its execution. On the 5th of February, 1880, McLean deeded to King the land excepted in his conveyance to Phillips.

On the 1st of April, 1878, G. W. Bishop recovered a judgment against McLean, and on the 31st of December, 1884, an execution issued on this judgment was levied upon the lot sold to King by McLean. Thereupon King filed the bill in this case, setting forth the facts above stated and asking that Bishop be perpetually enjoined against selling complainant's lot under his judgment. Bishop demurred to the bill on the ground that it does not show "that complainant had any writing, or memorandum in writing, whereby to claim title to the land in controversy." The demurrer was sustained and the complainant appealed.

*C. V. Gwin,* for the appellant.

By *the declaration* in the deed to Phillips, McLean affirms as effectually as if he had used formal words:

1. That the ownership and beneficial interest in the land is with John King—that King is the true owner of the land.

2. That he, McLean, is not the owner, and has no beneficial interest in the land.

3. That the legal title is in him as trustee for King.

4. That the particular part excepted out of that which had been conveyed was the property of and belonged to King.

By *this declaration* in the deed to Phillips the requirements of § 1296, Code 1880, and the corresponding provisions of the Code of 1871 are met.

In 1 Perry on Trusts, §§ 79–84, commenting on the statute of frauds and citing many cases from many different States having statues similar and in many cases identical with our own, it is announced : " The statute of frauds will be satisfied if the trust can be manifested or proved by any subsequent acknowledgment by the trustee, as by an express declaration, or any memorandum to that effect, or by a letter under his hand, or by his answer in chancery, or by his affidavit, or by a recital in a bond or deed, or by a pamphlet written by the trustees ; in short, by any writing in which the fiduciary relations between the parties and its terms can be clearly read. * * * * Nor is it necessary that the letters, memoranda, or recitals should be addressed to the *cestui que trust*, or should have been intended, when made, to be evidence of the trust." Ib., § 82.

And to the same effect is the law announced in Brown's Stat. Frauds, §§ 98, 99, 100. See also 2 Wash. on Real Prop. 466 ; *Metcalf* v. *Brandon,* 58 Miss. 841.

*Gwin & Noel,* for the appellee.

The recital in the Phillips deed is in no sense a contract. No purchase-money, price, or name of vendor is mentioned.

" Whether the ' promise ' or ' agreement ' is evidenced by one writing or several such writings must be certain as to the terms of the sale and the subject-matter either of itself or by reference to something else. *Bowers* v. *Andrews,* 52 Miss. 396. If the writing does not identify the subject, or refer to something, *dehors* itself by resorting to which certainty may be attained, it cannot be

enforced.   1 Sug. Vend. 134 ; *Bowers* v. *Andrews, ubi supra.*   A
pleader cannot by averment give to a writing which he sets out a
different meaning from what it imports; nor can he, if the
writing discloses an uncertainty which parol evidence would be
inadmissible to explain, ground a right by alleging that the parties
to it intended a particular thing, if the words themselves do not
disclose such intention."   *Fisher* v. *Kuhn,* 54 Miss. 483.

COOPER, J., delivered the opinion of the court.

It seems to be well settled by the authorities that a declaration
or manifestation of a trust in lands may be made by the most
informal instruments addressed to others than the *cestui que trust,*
and without any intention on the part of the trustee to declare the
trust, as by a pamphlet addressed to the public, *Barrel* v. *Joy,*
16 Mass. 221 ; or by a memorandum made by a testator for the
guidance of his executor, *Urann* v. *Coates,* 109 Mass. 581 ; or by
attesting as a witness with knowledge of its contents, an instrument
in which the facts are stated, *Welford* v. *Beesley,* 1 Ves. Sen. 6 ;
or by a recital in a deed, *Deg* v. *Deg,* 2 Peere Williams 412 ; but
the terms of the trust must appear in the writing, as otherwise the
court cannot determine what trust to enforce.   Perry on Trusts, §
83 ; *Forster* v. *Hale,* 3 Ves. 708 ; *Steere* v. *Steere,* 5 Johns. Ch. 1 ;
Lewin on Trusts 122.   The recital in the deed from McLean to
Phillips does not show that any trust existed in the land ; on the
contrary, it indicates that King was at that time the owner of the
lot.   It is a recognition of King's title and not a declaration that
McLean held the title on any sort of trust for him.

*The decree is affirmed.*